UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CEDRIC GREENE, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>GREYHOUND LINES, INC., )<br>)<br>  Defendant. ) | Civil Action No. 1:23-cv-03294 (UNA) |

## MEMORANDUM AND ORDER

This matter is before the Court on its initial review of Plaintiff's complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court will grant the IFP application, and for the reasons explained below, it will dismiss the Complaint without prejudice.

Plaintiff, a resident of Los Angeles, California, sues Greyhound Bus Lines, located in Oakland, California. He contends that he was staying at a residence in Oakland, California, with plans to return to Los Angeles by bus on January 12, 2015. Compl. at 3. Because he was robbed on January 10, 2015, he decided to return to Los Angeles two-days early. *Id.* Greyhound declined to modify his round-trip ticket, and told him he could only return on January 12, 2015 as scheduled. *Id.* Greyhound personnel referred him to a nearby shelter given that he was now without funds. *Id.* Plaintiff alleges that Greyhound lacked concern for his safety by refusing to change his round-trip ticket and referring him to a shelter. *Id.* He seeks $80,000 in damages. *Id.*

Plaintiff has not established this court's subject matter jurisdiction. The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds

$75,000.  A party seeking relief in a district court must plead facts that bring the suit within that court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action.  *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff purports to bring this case under "federal question" jurisdiction.  *See* Compl. at 2.  Federal question jurisdiction "must affirmatively appear clearly and distinctly."  *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)).  Here, Plaintiff does not cite to any federal authority and the Court cannot infer a federal question from his allegations.

Nor has Plaintiff established diversity jurisdiction.  Both Plaintiff and Defendant are in California, thereby defeating any diversity jurisdiction.  *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.").

Consequently, it is hereby **ORDERED** that Plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, is **GRANTED**, and it is further **ORDERED** that the Complaint, ECF No. 1, and this civil action, are **DISMISSED** without prejudice.

This is a final appealable order.  *See* Fed. R. App. P. 4(a).

**SO ORDERED.**

Date:  November 30, 2023          /s/  Ana C. Reyes
                                  ANA C. REYES
                                  United States District Judge